case for the morning. John Lee Shoulders versus Lorenzo Coleman. We had a discussion with courtroom deputy a moment ago about how time may be divided up. We will leave that for you to decide. And staying at the table is satisfactory. We'll hear from Miss Brown. Good morning, Your Honors. My name is Gwen Brown, and I represent the defendants, the city of Baton Rouge and Baton Rouge City Police Officer Detective John Coleman. This case is before the court on a civil matter. Mr Shoulders filed suit against the city and one of our police officers after he was injured during the course of his arrest. And then the defendants filed a motion for summary judgment was denied by the district court. Um, and then we filed an appeal, which is why we're here today. The standard of review is de novo. And while this is typically this is an interlocutory order, not necessarily subject to review by appeal. When the defense is qualified immunity, it is appropriately considered because immunity serves as a bar, of course, as the court knows to, um, to suit. I'm just gonna do a brief recitation of the facts. Brown. We know the facts. You know the facts. The problem here, and you need to explain this to us, is that Judge Brady found a genuine dispute of material fact. And you're here for Mr Coleman on qualified immunity. And the rule is that we allow an interlocutory appeal from the but when a judge finds a genuine dispute of material fact, you're required to urge and show us why the facts in dispute are not material. And in the brief at 21, you don't do that in the brief. And I forget whether you wrote this brief. Uh, did you write the brief? Yes. All right. Your brief never touches on that point. Never says, Well, the facts in dispute are not material facts. And I don't think it's a matter of jurisdiction to hear your appeal. The closest you come is that in your opening brief at 21, you say there is no material fact in existence. What? What do you mean by that? Well, what? The but the court turned on and deciding that there were there was there inconsistent facts. First of all, the plaintiff has no recollection of this event. So it was only the defense. The defendant's evidence was adduced. The court found a material, a genuine issue of material fact concerning, um, concerning what was what Detective Coleman put in his use of force report and then his testimony. In fact, those were not material. There is no, there is no dispute there. Um, as the court well knows, it's quite common for an officer to prepare a report and then to later explain through deposition testimony or trial testimony to elaborate on what those terms mean. And here, um, the the Baton Rouge Police Department has, um, a policy in place concerning use of force and the appropriate responses. And, um, Detective Coleman used put detailed three different ways in which, um, Mr Shoulders had not complied with his instructions. And the court found the court kind of applied. It's like some type of mathematical formula and said, well, because of the order in which he wrote him that we were, he's finding that the break you'll stun technique was used in response to the least, the least aggressive form of resistance. In fact, that's not what what was what happened. Detective Coleman explained in detail that he used the break you'll stun maneuver in response to the impending assault and the impending threat that he found. Yes, ma'am. But the deposition was two years after the incident. And the court found that there is a difference between what's said in the report and what's said in the deposition, isn't there? There is. Yes, there is. Someone in the district judge found that created a genuine dispute of material fact. And you haven't claimed that what the judge found to be a genuine dispute of material fact isn't material. For he had said in the incident gave him this technique at two a.m. And later, he said in his deposition, I gave it to him at three a.m. Well, that wouldn't be a material dispute of fact. That's doesn't matter whether he did it at two or three. But the statements in these two contemporaneous reports, as compared to his testimony two years later, the district judge found created a genuine dispute of material fact. And you've got to show us why that's not material. Well, one reason the most obvious reason is that Graham versus Connor says that an individual police department's use of force policy does not determine whether a particular use of force is excessive. So even if it were found that he did it in the order in which the way which was listed in the report, it wouldn't matter unless unless it was inappropriate, inappropriate response. And Detective Coleman's testimony. I mean, Detective Coleman's testimony made clear that he did it in response to the in response to the aggressive action that shoulders was taken as he moved towards it. And under that's something that this court can determine as a matter of law, whether that's something that any reasonable the standard is whether any reasonable officer would not have found that to be an appropriate use of conduct. I'm in an appropriate response to that conduct. And one way I read the one sentence say that the deposition of Coleman and the rest report provide a different view, maybe a dispute. But I think more of what he's talking about is I don't know enough from all the evidence that and the only evidence is from the defendant. What happened? And I don't see that he that I can hold that he acted consistent with what qualified immunity requires. Do you all have did you all do you accept that reading or how would you respond to that statement that that he just said that the judge has said I don't know enough from the evidence you've given me to grant qualified immunity, though he does use the word dispute at some stage of material fact. Well, there's no did you agree that that may be what the judge was holding or have you focused enough on the opinion or even maybe my question was a little confusing. Did the judge actually find a disputed material fact or insufficient facts to resolve the qualified immunity issue? The way that I read it, he found that it was disputed that there was a disputed issue of fact. What does he say that dispute was since the only evidence is from your client that he notes are the dispute. He finds that there's a dispute among the what he used in his use of force report, what he wrote in his use of force report and his testimony. And I would in response to that, I would say that what dispute as to what obviously those are the two sources. But what specifically are you saying Judge Brady was saying was different in the police report other and then in the affidavit in the deposition other than what I said is that he thought these two sources of information provide a different view regarding plaintiffs action. Well, what he said was that there were there's Baton Rouge Police Department has a use of force continuum. And there's different levels of resistance that a suspect can display. And then there's different responses that are that are appropriate depending upon the severity of the complaint. Judge Brady found in his report that because that when when Detective Coleman wrote his report, he used like a level one level of resistance. He put that down is what he had responded to with the more, um, aggressive response being the non lethal force of this break. You'll start maneuver. And so he found that that was an inconsistency with his testimony during the deposition when he explained that no, he had used the break you'll start maneuver in response to, um, to shoulders approaching him. And then also he found an issue when he used the word stepped up. He used the term stepped up in the stepped up to him in the report. And he said that that wasn't clear as to what stepped up meant. And in response to that, I would say that the deposition testimony was extensive and detailed. He was thoroughly cross examined during his deposition testimony. He explained all the background information in detail as well, you know, in full detail. But what occurred? There's no reason to believe that were this matter to go to  testimony. So the law is clear that when you're entitled to qualified immunity, which the burden is quite strict on the plaintiff to show that no reasonable officer would have responded in this manner, then, um, then he should be entitled to immunity from suit. In this case, should not go any further. That's what this defense of qualified immunity is intended to prevent in your 12 pages of brief of applying the law to the facts, you cite, I think only one case, the Manus decision. But you're familiar with the Manus decision? Um, yes, Your Honor. I can't remember exactly which one that one is right now, but it's the only case that I saw in that application of lot of facts. Um, but I, you know, when I look at the case, I see that the defendant was charged under the seat. So in that context, it's sort of, it is a little different than the position you're arguing here where you deal with the disputed facts in footnote four. Psychological intimidation never swung. Those are the two points that district court focused on sort of creating an issue of fact. If you apply Graham and you get up to a brachial stun as the response to psychological intimidation and not swinging, that's that's what Brady's saying, right? Right. But I don't see that Manus helps you out of that predicament. Well, there are better case. I guess here's a long winded way to say what's your best authority for the position you're urging? Um, Graham v. Connor, I would say. But you don't brief the Graham factors. You know, I don't mean to. This was this was something that we did just using the original. Obviously, we should have cited more cases. I don't know that. That comes back to my question. I don't see your name anywhere on this brief. I see a Mr Hilburn signed it and right. It is Mr Hilburn's brief. And I did, you know, help and prepared. He prepared the motion for he prepared the motion for summary judgment and the memo in support and then the reply memorandum. And I helped him get it into final form because I typically handled the appeals in our office. Mr Hilburn handled the case from the from the get go. He's no longer with our office. He's retired. So I'm here arguing the case. But um, there were a lot more cases cited in those other memorandums and um, all right, Council. Anything further? Yeah. We do dry throats out in the fifth circuit. You're honest. We split the argument 10 minutes, 10 minutes. But I think that I don't know if that's gonna be necessary or not. Um, what? What I think our burden of proof in this court uh, is to step is to show that when the facts are viewed in the light most favorable to our client, non movement, non movement in the case that the law is clear that in response to psychological intimidation, which is what Mr Coleman put in his use of Fort use of force report within two hours of the incident occurring, that he responded with a level of force that greatly exceeded that, as contemplated in General Order 1 35, which is the Baton Rouge Police Department's use of force regulations. And in accordance with Mr Coleman's testimony during the deposition in which he said that they are trained to respond to a threat with a level of force that is consistent with well, council is one thing to say that he should have known or did know that he violated Baton Rouge's protocols on the use of force. It's something else to say he knew, uh, all reasonable officers would have knew known that that use of force would have violated the constitutional rights of your client. Uh, so how do we get to that? Why are why the Baton Rouge protocols even relevant? Well, the Baton Rouge protocols and the training are what teach the officers how to respond to a particular threat. And if you're looking for objective reasonableness as to what a officer shouldn't respond to and what training and what knowledge he has in order to respond to a specific threat. And I think it's very important to look at the training. The General Order 1 35, which has very specific definitions about the level of used to respond to it. In addition, the General Order 1 35 also says that excessive force is any force greater than that required to respond to the threat being posed. Now, does the threat include the full circumstance of undisputed fact? Would it is it? They may ask it this way. Is it undisputed that your client was resisting leaving the stadium and then threw a bag off to the side? Or is that hotly disputed? I think it's only at the moment that the excessive force is used, including that he took his hands off the vehicle the first time. Or is it just the second time? Just the second time. And what's what's your authority for that? That it's just the precise moment, as opposed to an officer's assessment of this individual's larger threat? Well, if you if you brought specific answer to the question, I don't know. I can't cite to you a specific case that says at the moment. I just don't recall that right now. But if you expand it out to the full panoply of activity that occurred before, none of that exceeded a level of the third level, the verbal noncompliant, passive resistance. I thought he first said to him, get your hands back on the car. He did, and he complied with it. The point being that in all the activity that occurred before the force was occurred, none of that posed an eminent threat to the officer. All five officers who testified said Mr. Shoulders did not present any threat to them at all, which is why they didn't handcuff him. And he complied with a verbal command when he initially took his hands off the car. There's nothing to indicate that he wouldn't have complied again if Mr. Coleman would have said, put your hands back on the car. Well, all of this gets back to my original question about us even having jurisdiction over this appeal. Interestingly, you don't urge we lack jurisdiction. You get into it as hashing out all the evidence. But, you know, jurisdiction, we review sua sponte. So tell us why you feel that there is a fact as opposed to just a dispute about facts that are not material. We believe that the difference between Officer Coleman's testimony and the use of force report and the incident report, which were filled out within two hours, show a genuine dispute of material fact. It's certainly material as to the threat that was posed to Officer Coleman. And as a result, that's a genuine dispute. I agree with that. As you argue your evidence, it seems to me your position almost is that the dispute is not material because even in the light most, taking the evidence in light most favorable to the non-movement, this does not show the propriety of the use of this level of force. That nothing in the office's testimony or police report would have justified the use of this level of force. Is that your position? Before the District Court, our burden was to establish that there was a genuine issue of material fact, and we think we did so. The District Court so found. Before this Court, I think our burden is to establish with the facts viewed in the light most favorable to my client that when you apply the law to that, that excessive force was used. In response to psychological intimidation, a force greater than that required was used in order to stop my client. Is it your position that the deposition by itself may have shown the propriety of the use of this level of force? No, I don't believe the deposition shows that at all. So the dispute is not material, it seems to me you're saying. No, in this Court, this Court is required to address the facts in the light most favorable to our client, which is the use of force. I'm saying the dispute is not material because you win under either construction, either of the police report or under the deposition. That nothing has been shown to justify qualified immunity, it seems to me you're saying, dispute or no dispute. I think that's right. I do argue that the facts of this case, when viewed in the light most favorable to the plaintiff, including the deposition, establish that excessive force was used. Which means we probably have jurisdiction. Well, jurisdiction to apply the law to the facts in the lights most favorable to the plaintiff. And under those circumstances, I believe that we win that argument. I do remember seeing a case, as Judge Barksdale has pointed out, I can't remember the name of it, that did suggest that there was no jurisdiction for this Court to review a law as long as it pertained to genuineness. I do think that that the facts that pertain to reasonableness of the force used are material. That is within this Court's purview. Anything further? I really don't have anything. I'll allow you to add if you want to. We're not requiring it, but. All of the facts that constituted genuine issues of material fact, genuine issues of fact, those are all material facts. Yeah, because they're all relevant to element of recovery, whether or not the force is excessive, whether or not the use of that excessive force is objectively reasonable. So it's all certainly material, and I don't think there's any dispute coming from Officer Coleman that those facts are not There is, in fact, as long as the argument is that what Officer Coleman did was respond appropriately to what he perceived to be a threat, as long as that's the argument, the Court doesn't have jurisdiction. All right, counsel. Thank you. I hear the rebuttal. Very briefly, Your Honors, I would just argue that it's immaterial whether or not the particular order in the Baton Rouge Police Department was followed because, again, the law is clear that the individual officer's conduct is judged by the Fourth Amendment standard, and his testimony made clear that he used a brachial stun maneuver, which is a nonlethal karate chop to the shoulder in response to an approaching defendant. There's nothing in the Fourth Amendment that requires him to actually sustain an attack. He's permitted under the Fourth Amendment to use that response. And so it's not, regardless of the order in which the events were written in the his conduct was still within the confines of the Fourth Amendment, and that's the appropriate way in which it should be judged. Okay. Thank you. Thank you. Thank both sides for your arguments.